**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Roland Kelley, | Case No.: 2:25-cv-01488-JAD-MDC |
| Plaintiff | **Order Screening Complaint, Dismissing Claims, and Granting Limited Leave to Amend by April 16, 2026** |
| v. | |
| Brian Jones, et al., | [ECF No. 1-1] |
| Defendants | |

Pro se plaintiff and Nevada inmate Roland Kelley brings this civil-rights action under 42 U.S.C. § 1983, claiming that staff at High Desert State Prison ("HDSP") violated his First Amendment rights by retaliating against him for filing grievances and violated his Eighth Amendment rights by discontinuing medication and failing to provide exercise equipment. Because Kelley applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. Having done so, I find that he has stated a colorable retaliation claim but no others. So I dismiss his remaining claims with leave to amend only his deliberate-indifference-to-serious-medical-needs claim by April 16, 2026.

**Analysis**

**I.     Federal law requires the court to screen a prisoner's civil-rights case and dismiss non-plausible claims.**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[2] In its review, the court must identify any cognizable claims and dismiss any claims that are

---

[1] ECF No. 5.

[2] *See* 28 U.S.C. § 1915A(a).

frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact.  This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[4]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[5]  In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[6]  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff must provide more than mere labels and conclusions.[8]  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[9]  "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[10]

---

[3] *See* 28 U.S.C. § 1915A(b)(1)(2).

[4] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[5] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

## II.    Overview of Kelley's claims and allegations

Kelley sues HDSP corrections officer Brian Jones, "medical personnel," and John Doe and Jane Doe[11] corrections officers for events that have occurred at HDSP.[12]  He brings three claims and seeks injunctive and declarative relief and monetary damages.[13]

Kelley alleges that officer Jones retaliated against him for filing grievances by denying Kelley tier time, yard time, and showers.  He also alleges that when he was transferred to HDSP medical staff stopped giving him the blood pressure medication that he had been on for more than a decade.  Finally, Kelley alleges that he has not been able to exercise properly because he has no access to equipment such as pull-up and dip bars, which causes his joints to ache.  Based on these allegations, Kelley asserts claims against all defendants for retaliation (Claim 1), deliberate indifference to his serious medical needs (Claim 2), and unconstitutional conditions of confinement (Claim 3).

## III.    Claim 1 states a plausible retaliation claim.

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts.[14]  "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices.  And because purely retaliatory

---

[11] Kelley lists "John Doe x 10" and "Jane Doe x 10."  ECF No. 1-1 at 2.  The court presumes that his intent is to name ten John Doe and ten Jane Doe defendants.  Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  If the true identity of any of the Doe Defendant comes to light during discovery, plaintiff may move to substitute the true name of the Doe Defendant.  But unless and until that happens, no "Doe Defendant" is a true participant in this case.

[12] ECF No. 1-1 at 2.

[13] *Id*. at 2–6.

[14] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

3

actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield."[15]

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege "(1) . . . that a state actor took some adverse action against [the] inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."[16]  Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.[17]

This right includes the right under the Petition Clause to file prison grievances.[18]  The Petition Clause "is cut from the same cloth as other guarantees of that Amendment and is an assurance of a particular freedom of expression."[19]  "The right to petition allows citizens to express their ideas, hopes, and concerns to their government … [it] is generally concerned with expression directed to the government seeking the redress of a grievance."[20]  The right renders prison staff liable for retaliatory acts that chill or deter inmates from enjoying this form of

---

[15] *Id.*

[16] *Id.* at 567–68.

[17] *Id*. at 568–69.

[18] *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2005).

[19] *McDonald v. Smith*, 472 U.S. 479, 482 (1985).

[20] *Borough of Dureya, Pa. v. Guarnieri*, 564 U.S. 379, 388 (2011).

expression.[21]  But it imposes no requirement upon prison officials to respond to complaints in a particular way, whether substantively or procedurally.[22]

In *Watison v. Carter*,[23] the Ninth Circuit concluded that even if the plaintiff fails to allege a chilling effect, he can still survive dismissal if he alleges that he suffered "some other harm that is more than minimal."[24]  More-than-minimum harms include the filing of a false disciplinary charge against a prisoner, placing him in administrative segregation, or interfering with his parole hearing.[25]

In Claim 1, Kelley alleges that officer Jones retaliated against him for filing grievances, including about medical care, by denying him tier and yard time and by not allowing him to have access to regular showers.[26]  These facts state a colorable claim that Jones retaliated against Kelley for exercising his First Amendment right to file grievances by depriving him of out-of-cell time and showers.  So Claim 1 may proceed.

**IV.    Kelley fails to state a deliberate-indifference claim in Claim 2.**

In Claim 2 Kelley alleges that medical personnel have refused to give him his blood pressure medication, violating his Eighth Amendment right against deliberate indifference to serious medical needs.[27]  The Eighth Amendment prohibits the imposition of cruel and unusual

---

[21] *See, e.g., Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012) (discussing First Amendment protection from retaliation for filing prison grievances); *Brodheim*, 584 F.3d at 1269.

[22] *See Smith v. Ark. State Highway Emps*., Local 1315, 441 U.S. 463, 465 (1979) ("the First Amendment does not impose any affirmative obligation on the government to listen").

[23] 668 F.3d 1108 (9th Cir. 2012).

[24] *Id*. at 1114. (internal quotations omitted).

[25] *Id*. at 1115.

[26] ECF No. 1-1 at 3.

[27] *Id*. at 4.

punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'"[28]  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate.[29]  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard— deliberate indifference."[30]

To establish the objective prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."[31]  Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."[32]

To satisfy the subjective deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference."[33]  "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."[34]  A prison official may only be held liable if he or she

---

[28] *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

[29] *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).

[30] *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 176, 1082–83 (9th Cir. 2014).

[31] *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted).

[32] *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014).

[33] *Jett*, 439 F.3d at 1096.

[34] *Id*. (internal quotations omitted).

"knows of and disregards an excessive risk to inmate health and safety."[35]  When a prisoner alleges that delay of medical treatment evinces deliberate indifference, he must show that the delay led to further injury.[36]

Kelley states that he is a "chronic care" inmate who suffers from hypertension, chronic kidney disease and mental health issues.[37]  His allegations that medical personnel discontinued his blood pressure medication implicate his Eighth Amendment rights.  However, Kelley does not identify how any specific defendants acted or failed to act and thus were deliberately indifferent to his serious medical needs.  His broad and vague allegation against "medical personnel" is insufficient to let this claim move forward into litigation.  So I dismiss Claim 2 without prejudice and with leave to amend.

**V.      Claim 3 is unrelated to the other claims so it must be brought in a separate lawsuit.**

In Claim 3, Kelley alleges that he is unable to exercise properly because the yard lacks pull-up and dip bars.  He does not identify any specific defendants nor describe how they failed to provide exercise or recreation opportunities.

While this claim fails to state a claim against any defendant due to these deficiencies, it must be dismissed from this lawsuit for a separate reason: it arises from facts unrelated to the rest of this case.  Federal Rule of Civil Procedure (FRCP) 18(a) allows a plaintiff to combine multiple claims in a single lawsuit when they are against the same defendant.  FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit when the right to relief arises out of the

---

[35] *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

[36] *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

[37] ECF No. 1-1 at 4.

same "transaction, occurrence, or series of transactions" and if "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. This court's general order that applies to *pro se* inmate non-habeas civil rights filings also explicitly requires that a plaintiff meet the FRCP 20(a)(2) requirements.[38] Claims that do not meet the requirements must be filed in separate lawsuits.[39]

Kelley's allegations in Claims 1 and 2 appear to arise out of the same transaction or series of events—the denial of medical care—such that they are sufficiently related to be brought in the same complaint. The same cannot be said of his claim regarding exercise. A claim about lack of exercise or exercise equipment would have to be brought in a separate lawsuit. So Claim 3 is dismissed from this action with prejudice and without leave to amend as amendment would be futile.

The court also notes that it is unclear whether Kelley's allegations about lack of specific types of exercise equipment in Claim 3 could implicate his Eighth Amendment rights. Courts have long held that "exercise is one of the basic human necessities protected by the Eighth Amendment."[40] But the Ninth Circuit has not gone so far as to conclude that "all deprivations of outdoor exercise are per se unconstitutional."[41] Rather, "the Constitution requires jail officials to

---

[38] General Order No. 2021-05 § 2(e).

[39] *Id. See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (holding in PLRA context: "A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.").

[40] *Norbert v. City and Cnty. of San Francisco*, 10 F.4th 918, 928–29 (9th Cir. 2021) (quotation marks omitted) (quoting *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997), *LeMarie v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993)).

[41] *Id*. at 929.

provide outdoor recreation opportunities, or otherwise meaningful recreation, to prison inmates.'"[42]  The lack of meaningful opportunity to exercise combined with other factors can create degrading and dehumanizing conditions.  For example, in *Spain v. Procunier*, prisoners were held "in continuous segregation, spending virtually 24 hours every day in their cells with only meager out-of-cell movements and corridor exercise.  [And] their contact with other persons was minimal."[43]  The Ninth Circuit held that these factors combined to make an unconstitutional condition of confinement.[44]

## VI.	Leave to amend

The court grants Kelley leave to amend so that he may attempt to cure the deficiencies in his deliberate-indifference claim (Claim 2).  But Kelley may not amend his petition in any way he sees fit.  He may amend if he can allege how specifically identified defendants acted or failed to act, resulting in him not receiving his medication.   I caution Kelley that, while I grant him the opportunity to amend Claim 2, this isn't a chance to expand the scope of his dispute or add new legal theories.  If Kelley chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[45]  That means that he must also include Claim 1 in any amended complaint, or it will be deemed abandoned.  He must file the amended complaint on this court's approved prisoner-civil-

---

[42] *Id*. (emphasis omitted) (quoting *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018)).

[43] *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979).

[44] *Id*.

[45] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty*., 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

9

rights form, and it must be entitled "First Amended Complaint."  Kelley must follow the instructions on the form.  He need not and should not allege very many facts in the "nature of the case" section of the form.  Rather, in each count, he should allege facts sufficient to show what each defendant did to violate his civil rights.  **He must file the amended complaint by April 16, 2026.**

**Conclusion**

IT IS THEREFORE ORDERED that a decision on the application to proceed *in forma pauperis* (ECF No. 5) is deferred.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to

- **FILE** the complaint (ECF No. 1-1); and

- **SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that **Claim 1 (retaliation) WILL PROCEED** against defendant Jones.

IT IS FURTHER ORDERED that **Claim 3 is DISMISSED** without leave to amend but also without prejudice to Kelley's ability to bring that claim in a separate lawsuit.

IT IS FURTHER ORDERED that **Claim 2 (deliberate indifference) is DISMISSED without prejudice** and with leave to amend by April 16, 2026.  If Kelley chooses to file an amended complaint, he should use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Kelley chooses not to file an amended complaint this case will immediately proceed on Claim 1 only.

Dated: March 16, 2026

_____
U.S. District Judge Jennifer A. Dorsey